IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK and BARBARA POSA, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  1:18-cv-04655 |
| AMERICAN HONDA FINANCE CORPORATION and EQUIFAX INFORMATION SERVICES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COME Plaintiffs, FRANK and BARBARA POSA, by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendants, AMERICAN HONDA FINANCE CORPORATION and EQUIFAX INFORMATION SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. This action seeks compensatory, statutory, and punitive damages, costs and reasonable attorneys' fees for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"); 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a) under 15 U.S.C. § 1681p with respect to Plaintiffs' FCRA claims.

3. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4. FRANK and BARBARA POSA ("Frank" individually, "Barbara" individually, "Plaintiffs" collectively) are natural persons, who at all times relevant resided in this judicial district.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiffs are "persons" as defined by 15 U.S.C. § 1681a(b).

7. AMERICAN HONDA FINANCE CORPORATION ("AHFC") is a foreign corporation with its principal place of business in Torrance, California.

8. AHFC is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

9. EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a foreign limited liability company with its principal place of business in Atlanta, Georgia.

10. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

12. On October 10, 2013, Plaintiffs executed a Retail Installment Contract (the "Contract") in favor of Acura Financial Services.

13. Acura Financial Services is a DBA of AHFC.

14. The Contract secured the purchase of Plaintiffs' 2010 Acura TL (the "Vehicle") for $26,779.16.

15. On December 15, 2016, Plaintiffs initiated a bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

16. Notice of Plaintiffs' bankruptcy case was sent to AHFC at P.O. Box 168088, Irving, Texas 75016-8088 by electronic transmission on December 17, 2016.

17. Notice of Plaintiffs' bankruptcy case was sent to AHFC at 2170 Point Boulevard, Suite 100, Elgin, Illinois 60123-7875 by electronic transmission on December 17, 2016.

18. A true and correct representation of the Certificate of Notice is shown below:

```
Case 16-39536   Doc 13   Filed 12/16/16   Entered 12/18/16 23:34:24   Desc Imaged
                         Certificate of Notice   Page 3 of 4
                         United States Bankruptcy Court
                         Northern District of Illinois

In re:                                                          Case No. 16-39536-JSB
Frank Posa                                                      Chapter 13
Barbara Posa
            Debtors             CERTIFICATE OF NOTICE

District/off: 0752-1        User: abowles         Page 1 of 2           Date Rcvd: Dec 16, 2016
                            Form ID: 309I         Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 18, 2016.
db/jdb          +Frank Posa,   Barbara Posa,   859 Bittersweet Drive,   Northbrook, IL 60062-3701
25181131        +Associated Bank,   200 N Adams Street,   Green Bay, WI 54301-5174
25181136        +PNC Bank,    Attn: Bankruptcy,   249 5th Ave Suite 30,   Pittsburgh, PA 15222-2707
25181137        +PNC Bank,    Po Box 8703,   Dayton, OH 45401-8703
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty              E-mail/Text: jdavidson@sulaimanlaw.com Dec 17 2016 01:15:52      Joseph S Davidson,
                 Sulaiman Law Group, Ltd.,   900 Jorie Boulevard,   Suite 150,    Oak Brook, IL  60523
tr              +E-mail/Text: 341NOTICE@TVCH13.NET Dec 17 2016 01:18:03      Tom Vaughn,
                 55 E. Monroe Street, Suite 3850,   Chicago, IL 60603-5764
ust             +E-mail/Text: USTPREGION11.ES.ECF@USDOJ.GOV Dec 17 2016 01:16:48      Patrick S Layng,
                 Office of the U.S. Trustee, Region 11,   219 S Dearborn St,    Room 873,
                 Chicago, IL 60604-2027
25181127        +EDI: HNDA.COM Dec 17 2016 00:38:00      American Honda Finan,   PO Box 168088,
                 Irving, TX 75016-8088
25181128        +EDI: HNDA.COM Dec 17 2016 00:38:00      American Honda Finan,   2170 Point Blvd.,   Suite 100,
                 Elgin, IL 60123-7875
```

19. The schedules filed by Plaintiffs listed AHFC on Schedule D: Creditors Who Have Claims Secured by Property.

20. The schedules filed by Plaintiffs listed AHFC as having a claim in amount of $8,338.00.

21. A true and correct representation of Plaintiffs' Schedule D is shown below:

> Case 16-39536   Doc 1   Filed 12/15/16   Entered 12/15/16 18:28:00   Desc Main
> Document      Page 21 of 55
>
> **Fill in this information to identify your case:**
>
> Debtor 1: Frank Posa
> Debtor 2 (Spouse if, filing): Barbara Posa
> United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS
> Case number (If known): _____
> ☐ Check if this is an amended filing
>
> **Official Form 106D**
> **Schedule D: Creditors Who Have Claims Secured by Property**   12/15
>
> Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).
>
> 1. Do any creditors have claims secured by your property?
>    ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
>    ■ Yes. Fill in all of the information below.
>
> **Part 1:   List All Secured Claims**
>
> 2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.
>
> | | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion if any |
> |---|---|---|---|---|
> | 2.1 American Honda Finan<br>Creditor's Name<br><br>PO Box 168088<br>Irving, TX 75016<br>Number, Street, City, State & Zip Code | Describe the property that secures the claim:<br>2010 Acura TL 70,595 miles<br>Value according to www.kbb.com, private party value ( Good Condition)<br>As of the date you file, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $8,338.00 | $11,453.00 | $0.00 |
>
> Who owes the debt? Check one.
> ☐ Debtor 1 only
> ☐ Debtor 2 only
> ■ Debtor 1 and Debtor 2 only
> ☐ At least one of the debtors and another
> ☐ Check if this claim relates to a community debt
>
> Nature of lien. Check all that apply.
> ☐ An agreement you made (such as mortgage or secured car loan)
> ☐ Statutory lien (such as tax lien, mechanic's lien)
> ☐ Judgment lien from a lawsuit
> ■ Other (including a right to offset) ___Vehicle Lien___
>
> Opened 10/13  Last Active
> Date debt was incurred  11/20/16    Last 4 digits of account number  2789

22.     On January 4, 2017, AHFC filed a proof of claim. In its proof of claim, AHFC stated that it held a secured claim for $7,816.47.

23.     Plaintiffs' First Modified Chapter 13 Plan (the "Confirmed Plan") was confirmed on May 4, 2017.

24.     The Confirmed Plan provided for, *inter alia*:

"[Plaintiffs] shall make current monthly payments *** directly to [AHFC]."

4

25. During the course of their chapter 13 bankruptcy case, Plaintiffs paid all of the required plan payments to the Trustee, as well as all required postpetition payments to AHFC.

26. Plaintiffs received their chapter 13 discharge on August 8, 2017.

27. AHFC's debt was excepted from discharge.

28. On April 13, 2018, Plaintiffs obtained their Equifax credit reports.

29. Plaintiffs discovered that AHFC wrongly reported Plaintiffs' status as "Included in Chapter 13" to Equifax

30. Plaintiffs discovered that AHFC wrongly reported Plaintiffs' date of last payment as "Dec 01, 2016" to Equifax

31. Plaintiffs discovered that AHFC failed to report Plaintiffs' timely payment history to Equifax.

32. On April 13, 2018, Plaintiffs mailed dispute letter(s) to Equifax informing Equifax that AHFC was not "included in chapter 13."

33. Plaintiffs requested that Equifax investigate and correct AHFC's suppression of timely monthly payments.

34. On April 22, 2018, Equifax mailed Plaintiffs investigation results without change to AHFC's trade line.

**Impact of AHFC's inaccurate furnishing of information to Equifax**

35. To date, Equifax's inaccurate reporting of Plaintiffs' AHFC trade line continues to paint a false and damaging picture of Plaintiffs by adversely affecting Plaintiffs' account balance/credit amount ratio, and by failing to demonstrate Plaintiffs' timely monthly payment history.

36. This entire experience has imposed distrust, distress, embarrassment and frustration on Plaintiffs.

37. Plaintiffs feel helpless to regain control of their credit standing and creditworthiness.

38. On May 17, 2018, Frank's application for a My BJ's Perks® MasterCard® account was not approved.

39. Indeed, Comenity Capital Bank[1] based their credit decision on information obtained from Equifax.

40. This entire experience has resulted in expenditure of considerable time and out-of-pocket expense and anxiety and mental anguish.

## CLAIMS FOR RELIEF

### Count I: AHFC's violation(s) of 15 U.S.C. § 1681 *et seq.*

41. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A. AHFC's failure to conduct an investigation**

43. 15 U.S.C. § 1681s-2(b)(1) provides

> "[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) Conduct an investigation with respect to the disputed information;

---

[1] Comenity Capital Bank issues all My BJ's Perks® MasterCard® accounts, and handle any account-related matters.

  (B) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

  (C) Report the results of the investigation to the consumer reporting agency;

  (D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

  (E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

    (i) Modify that item of information;

    (ii) Delete that item of information; or

    (iii) Permanently block the reporting of that item of information.

44. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), AHFC received Plaintiffs' dispute letter(s) from Equifax.

45. AHFC violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

46. AHFC violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

47. Had AHFC conducted a reasonable investigation to determine whether the disputed information was inaccurate, AHFC would have discovered that AHFC was not included in Plaintiffs' Chapter 13 bankruptcy case, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

48. AHFC violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

49. AHFC violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

50. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

51. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

52. AHFC's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiffs, and the injuries suffered by Plaintiffs are attended

by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

   **WHEREFORE**, Plaintiffs request the following relief:

A. find AHFC in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiffs as a result of AHFC's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

### Count II
### Equifax's violation(s) of 15 U.S.C. § 1681 *et seq.*

53. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

   **a. Equifax's failure to follow reasonable procedures**

54. The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

55. On multiple and numerous occasions, Equifax prepared patently inaccurate consumer reports concerning Plaintiffs.

56. Despite actual notice, Equifax sold such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiffs' creditworthiness.

57. Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs.

### B. Equifax's failure to conduct a reasonable investigation

58. The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681i(1)(A).

59. The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer. 15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

60. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiffs' dispute letter(s).

61. Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute to AHFC before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiffs' dispute letter(s).

62. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiffs before the end of the 30-day period beginning on the date on which Equifax received Plaintiffs' dispute letter(s).

63. Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiffs, or modify that item of information, as appropriate, based on the results of the reinvestigation.

64. Equifax violated 15 U.S.C. § 1681c(f) by failing to indicate Plaintiffs' dispute(s) in each consumer report that includes the disputed information.

65. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

66. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)      any actual damages sustained by the consumer as a result of the failure; and

(2)      in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

67. Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiffs, and the injuries suffered by Plaintiffs are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiffs requests the following relief:

A.      find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B.      award any actual damages to Plaintiffs as a result of Equifax's violation;

C.      award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.      award any punitive damages, as the Court may allow;

E.      award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

Dated July 6, 2018                                      Respectfully submitted,

                                                                             */s/ Joseph Scott Davidson*

                                                                             Joseph Scott Davidson
                                                                             Mohammed Omar Badwan
                                                                             **SULAIMAN LAW GROUP, LTD.**
                                                                             2500 South Highland Avenue
                                                                             Suite 200

Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Frank and Barbara Posa*